Action for damages. Before Judge HENRY. Floyd superior court. March term, 1893.

McCUTCHEN & SHUMATE and HOSKINSON & HARRIS, for plaintiff in error.

WRIGHTS & HARPER and DEAN & SMITH, *contra.*

---

MATHIS *v.* WEAVER, executor.

1. Where the distributee of an estate brings an action against the administrator for assets in his hands consisting of money and property not described, and prays for a judgment in money, a person, whether a resident of the same or of another county, to whom the assets have been delivered by the administrator, and against whom there is no charge made that he converted, appropriated or mismanaged them or committed or threatened any wrong as against the rights of the plaintiff, and on whom no demand for the assets has been made, is not either a necessary or a proper party defendant to the action; and as to him the petition sets forth no cause of action, legal or equitable, there being against the administrator no charge of waste or mismanagement nor of any dealing with the assets of the estate, except the placing of them, together with all his own effects, in the custody of the codefendant, and this not being alleged to be wrongful, fraudulent or hurtful to the plaintiff, or done without her consent.

2. The codefendant of the administrator being a non-resident of the county in which the suit was brought, and the original petition setting forth no cause of action as to him, jurisdiction over him in that county could not, if at all, be obtained by an amendment made to the petition after the death of the administrator, the resident defendant, and before making his legal representative a party.                                    *Judgment reversed.*

June 30, 1894.  Argued at the last term.

Equitable petition. Before Judge BUTT. Marion county. June 30, 1893.

On February 25, 1893, Mrs. Mary M. Harvey presented her petition to the superior court of Marion county,

against her husband Thomas W. Harvey of said county, and Evan T. Mathis of Sumter county, alleging: Her father Joseph Brown died intestate in Talbot county in 1871 or 1872. Thomas W. Harvey became one of the administrators of his estate, received possession and control of all her interest therein, has since held the same and now holds it for her own separate estate, benefit and behoof, it being money and effects in value $12,000 or other large sum. He made at least eight per cent. interest on same until within the last year or two, when he became feeble in body and mind and unable to manage his affairs. He turned over the same, together with his own property and effects amounting to $18,000 or other large sum, to Evan T. Mathis. Petitioner and her said husband reside in Buena Vista, some 28 miles from Americus where Mathis resides. It is very inconvenient for her to apply to Mathis for support of herself and her husband. She applied to her husband for draft which he gave her on the Buena Vista Savings Bank for $4,000, he having informed her that he had deposited $7,000 therein. This check was not paid, the officers of the bank informing her at the time that the deposit had been changed to the name of Evan T. Mathis, agent for Thomas W. Harvey. She is informed and believes that Mathis is not worth exceeding $5,000. He has given no bond and security for the faithful management and accounting for the money and property turned over to him. She prays for an account of the money and property which went into the hands of the defendants, and for a receiver to take charge of that which was turned over to Mathis. By amendment she alleged, that since the filing of the petition Harvey had died, and Mathis had propounded a paper for probate in the court of ordinary of Marion county as the will of Harvey, wherein Mathis is appointed executor, which probate is contested by petitioner, and said contest and *caveat* is

now pending in the superior court on appeal, and no administrator *ad litem* has been appointed pending the issue of *devisavit vel non*.   Petitioner is the only heir at law of Thomas W. Harvey, and as his widow is entitled to dower and a year's support from his estate.   She has duly applied to the court of ordinary for the year's support, which application is pending and undetermined. Mathis has not only all the money and property belonging to Harvey's estate, amounting, according to his own statement, to $62,000 in cash, promissory notes and other property, but as pretended executor has likewise the money and property which Harvey in his lifetime recovered from the estate of petitioner's father, amounting in principal and interest to some $23,000; so that petitioner is now left wholly without the means of support.   She is in bad health, is sick, and stands in need of money with which to secure medicine and medical attention and the necessities of life.   She has appealed to Mathis for money for said uses, which he refuses to supply, and says that he will not supply or furnish her with any money or other things until the litigation about said will and twelve months' support is ended; and in the meantime petitioner will be left entirely destitute and to the charity of friends and relatives.   Mathis has no property, and in her opinion is insolvent, and he is under no bond as pretended executor to represent the estate or to secure the money and property in his hands. Wherefore she prays for the appointment of a receiver, and for decree that he pay to her a reasonable sum for her maintenance according to her circumstances in life, pending the litigation touching the pretended will, and until the setting apart of the year's support.

As cause against the appointment of a receiver, Mathis demurred to the petition, for want of equity and want of jurisdiction of him, among other grounds.   He also filed an answer; and on the hearing the judge or-

dered that Mathis be appointed permanent receiver of the estate of Harvey, that he file a list of the assets thereof, and that he pay to plaintiff immediately certain sums to be credited upon any year's support that might be set apart to her, or upon any other sum that might be coming to her from the estate. Mathis excepted. Pending the case in the Supreme Court, plaintiff died. Weaver as her executor was made a party in her stead.

LITTLE, WIMBISH & WORRILL and J. H. LUMPKIN, for plaintiff in error. BLANDFORD & GRIMES and THORNTON & McMICHAEL, *contra.*