21646. HAAS et al., executors, v. JAFFE.

BELL, J. 1. In a suit against an executor to recover for services alleged to have been rendered by the plaintiff to the testator during his lifetime, allegations that "petitioner has never been compensated in any way for said services, though it was understood between them that she was to be fully paid, the said [testator] expressly stating to her from time to time that he would pay her for said personal services as soon as he was physically able," and that "said personal services are of the reasonable value of $100 per month" during the period in which such services were rendered, did not show a suit upon an express contract, but the petition should be construed as an action upon a quantum meruit for the reasonable value of the services rendered. *Georgia, Florida &c. R. Co.* v. *Purviance,* 42 *Ga. App.* 519 (156 S. E. 731).

2. "An action may be brought and sustained on open account for goods sold or services rendered, although there may have been a special contract in

writing governing the subject-matter of the suit, where it appears that the plaintiff has fully performed his part of the agreement and nothing remains to be done except for the other party to make payment. *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594 (2, 3) (20 S. E. 44)." *Chatham Abatoir &c. Co.* v. *Painter Engineering Co.*, 28 *Ga. App.* 383 (111 S. E. 82).

3. A suit may be laid as a quantum meruit against an executor or administrator, where the services were rendered under a contract of the testator or intestate to make a will bequeathing to the plaintiff certain property, which was not bequeathed according to agreement, the measure of the recovery, however, being limited to the value of the property to be given by the will. *Mathis* v. *Weaver*, 94 *Ga.* 581 (20 S. E. 113).

4. It follows that in a suit upon a quantum merit to recover the value of services rendered, there is not a fatal variance between the allegations and the proof merely because the evidence may show the existence of a special agreement of some sort, whether it is to pay a sum of money or to make a will in favor of the plaintiff.

5. It follows that in a suit against an executor upon a quantum meruit for the value of services rendered to the testator, an instruction that "if the deceased agreed to compensate the plaintiff by will or otherwise, and that if he accepted the services and did not pay for the same the plaintiff would be entitled to recover whatever sum" the jury should find as representing "the reasonable value of such services which the deceased agreed to pay," was not erroneous as permitting the plaintiff to recover on a cause of action other than that alleged in the petition.

6. Where the evidence failed to show any agreement whatsoever by the testator to make a will, but a witness other than the plaintiff testified merely that the testator stated to him that he expected to remember the plaintiff in his will, a charge in the language quoted above was seemingly unwarranted by the evidence, and to that extent erroneous; but since the plaintiff made no contention as to the making of such a contract, and it was perfectly manifest that no such issue was involved under the evidence, it is apparent that the jury were not misled and the defendant was not harmed by the irrelevant charge. *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 874).

7. Under the rulings made in paragraphs 3 and 4 above, the court did not err in refusing to charge the jury, as requested, that the suit was not based upon an alleged contract to make a will, and that the jury would not be authorized to find for the plaintiff on account of such a contract, even though they might believe that a contract of that nature had existed between the deceased and the plaintiff. Such a charge would have amounted to an erroneous statement as to the law, since a suit upon a quantum meruit may be supported by evidence that the services were rendered under a contract of the deceased to make a will in the plaintiff's favor, and died without having done so.

8. Moreover, since there was no issue, under the evidence, as to a contract to make a will, it was unnecessary to expressly exclude it. It can not be said that the requested instruction was necessary to correct the charge given, when the charge given did not constitute reversible error without such correction.

9. The plaintiff in error having expressly waived the general grounds of

the motion for a new trial, and the special grounds being without merit, the judgment refusing a new trial must be affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 20, 1932.

*Hewlett & Dennis, Sol I. Golden,* for plaintiffs in error.
*George & John L. Westmoreland,* contra.