## 64138. RIVERDALE BEVERAGE CORPORATION v. BRICK & WHALEN.

BANKE, Judge.

The plaintiff/appellee, sued the defendant to recover on an open account in the amount of $940.68. The defendant denied the alleged indebtedness and counterclaimed for damages in the amount of $5,700.00. All of the pleadings were verified. The plaintiff filed a motion to dismiss the defensive pleadings based on Code Ann. § 81-410, and the motion was granted by the trial court. Judgment was then entered for the plaintiff in the amount prayed for, plus interest. The defendant appeals. *Held:*

Code § 81-410 provides that "[w]henever a suit may be brought on an open account and the same is verified by the plaintiff as provided by law, the plea filed shall either deny that the defendant is indebted in any sum or shall specify the amount in which the defendant admits he may be indebted, and shall be verified as required by law." It has been held that dismissal of the answer is appropriate where the denial is general but fails to deny indebtedness in *any* sum or to specify any amount of indebtedness. See *Lee v. Perry,* 19 Ga. App. 48 (2) (90 SE 988) (1916), applying former Civil

Code § 4728. Because the defendant failed to deny that he was indebted in any sum and instead merely denied the allegations of the complaint, and because he made no attempt to amend his answer to correct the defect, the trial court did not err in dismissing it. However, the validity of the counterclaim was not affectèd by the failure to comply with Code § 81-410. See *Nelson v. Mexicana de Jugos Y Sabores,* 139 Ga. App. 612 (229 SE2d 102) (1976). The dismissal of the counterclaim is accordingly reversed and the case is remanded for proceedings thereon.

*Judgment affirmed in part and reversed and remanded in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 7, 1982.

*Robert C. Dotson,* for appellant.
*Joseph R. Baker,* for appellee.