## 64661. ASHBURN MOTOR INN, INC. et al. v. WHITE ADVERTISING INTERNATIONAL.

QUILLIAN, Chief Judge.
This is an appeal from a summary judgment.
Appellee White Advertising International entered into contracts with appellant Rigdon, doing business as Ashburn Motor Inn, to erect and maintain a number of signs advertising Rigdon's business along I-75 in return for the payment of specified periodic fees. The signs were erected and maintained on sites procured by

Rigdon for a period of ten years during which Rigdon incorporated his business as Ashburn Motor Inn, Inc., the other appellant. Appellants became delinquent on the payment of the fees for some time before the contracts terminated and after termination, appellee commenced this action to recover the unpaid fees. Appellants denied liability and counterclaimed alleging that appellee had taken over and changed two of the signs to other advertising resulting in damage to them. Appellee served interrogatories on appellants which were answered by Rigdon only. Appellee's requests for admissions were never answered by appellants. The trial court granted appellee's motion for summary judgment against both appellants on the claim and the counterclaim. *Held:*

1. Appellants' contention that the trial court erred in granting summary judgment on appellee's claim because there was a counterclaim is without merit. *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872 (1), 879 (264 SE2d 489).

2. As evidence to support the summary judgment on the claim appellee relies on its unanswered requests for admissions which included that appellants were obligated to appellee under the contracts, that appellants had not paid the full amount required by the contracts, and were indebted to appellee in the amount claimed.

"Where requests for admissions are timely served upon the opposite party, and no order extending the time for answer is entered, the requests are admitted unless answered or objected to within 30 days. Code § 81A-136 (a). 'Any matter admitted under this section is conclusively established unless the court, on motion, permits a withdrawal or amendment of the admission.' Code Ann. § 81A-136 (b).

". . . the plaintiff is entitled to summary judgment if, considering the matter requested as admitted, no issue of fact remains for adjudication. [Cit.]" *Crider v. Pepsi Cola Bottlers,* 142 Ga. App. 304 (235 SE2d 683).

There being no issue of fact remaining for adjudication on appellee's claim, the trial court did not err in granting summary judgment thereon based on appellants' failing to respond to the requests for admissions.

3. As to the counterclaim appellee's evidence that it took over the two signs after its contract with appellants had expired is unrebutted. However, appellee's evidence that it had erected the signs and had obtained new leases for the signs is contradicted by Rigdon's answers to the interrogatories that he had a leasehold property interest in the locations of both of the signs.

From this evidence we find an issue of material fact as to whether appellants had an interest in the two signs for which they

should be compensated. Therefore, the trial court erred in granting summary judgment on the counterclaim. Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; as amended through Ga. L. 1975, pp. 757, 759).

*Judgment affirmed in part, reversed in part. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 18, 1982 —
REHEARING DENIED NOVEMBER 18, 1982 — 

*Floyd H. Wardlow, Jr.,* for appellants.
*Roy B. Allen, Jr.,* for appellee.