## 66722. CONCERT PROMOTIONS, INC. v. HAAS & DODD, INC.

McMURRAY, Presiding Judge.

Haas and Dodd, Inc., an insurance agency, brought this suit on account against Concert Promotions, Inc. Defendant timely answered with a general denial of every allegation in the complaint and asserted certain affirmative defenses as well as a counterclaim. Defendant, however, failed to respond to plaintiff's request for admissions, interrogatories or its motion for summary judgment. Defendant, though, did challenge plaintiff's submission of two supplemental affidavits four days before the scheduled summary judgment hearing. The trial court implicitly overruled defendant's objection and, after a hearing granted plaintiff's motion for summary judgment, while reserving ruling on defendant's counterclaim. Defendant now appeals, asserting three enumerations of error. *Held:*

1. Defendant's first enumeration of error is that the plaintiff failed to prove that it was entitled to a judgment as a matter of law and there was no genuine issue as to any material fact.

Defendant has presented four arguments under this enumeration of error. The first challenges the sufficiency of service of process. See OCGA § 9-11-12 (b) (5) (formerly Code Ann. § 81A-112 (b) (5) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693)). Plaintiff averred in paragraph one of the complaint that defendant could be served through its registered agent, identified by name and address. Defendant denied this paragraph in its answer, but did not pursue the issue until this appeal. See in this regard OCGA § 9-11-12 (d) (formerly Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693)); *Brumit v. Mull,* 165 Ga. App. 663, 665 (2) (302 SE2d 408); *White v. Johnson,* 151 Ga. App. 345, 347-348 (1) (259

SE2d 731). This argument is not meritorious since the sufficiency of service of process is outside the scope of summary judgment. See *Ogden Equip. Co. v. Talmadge Farms, Inc.,* 232 Ga. 614, 615 (208 SE2d 459).

Defendant next contends that the trial court erred in considering plaintiff's request for admissions. Defendant did not respond to the request, but rather treated it "as a nullity because of its being convoluted and unintelligible" and defendant now argues that the court should have treated it the same. This argument is wholly without merit. The Civil Practice Act contains no provision whereby a party may treat a discovery request by the opposing party as a nullity. Under OCGA § 9-11-36 (a) (2) (formerly Code Ann. § 81A-136 (a) (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528)), a party must either respond to or object to a request for admission within 30 days or it is deemed admitted. Moreover, the section further provides that "[i]f objection is made, the reasons therefore shall be stated." Defendant, having neglected to respond or object to plaintiff's request for admissions, and further having failed to request relief from its neglect, is deemed to have admitted each request, and the trial court had no alternative under these circumstances but to treat the matter contained therein as "conclusively established." OCGA § 9-11-36 (b) (Code Ann. § 81A-136). See also OCGA § 9-11-36 (a) (3) (Code Ann. § 81A-136).

Defendant also contends its affirmative defense of failure of consideration remains at issue. Defendant ignored plaintiff's discovery request seeking the factual basis of this defense asserted in the answer and then failed to make any rebuttal to plaintiff's showing that defendant was provided certain insurance coverage in exchange for premium payments (the failure of which to pay constitutes the basis of this action). With plaintiff's prima facie showing that the contract of insurance was valid, defendant bore the burden of producing evidence rebutting this showing. OCGA § 9-11-56 (e) (formerly Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)). Because defendant failed to satisfy its burden (or even attempt to satisfy its burden), it rightly suffered summary judgment. OCGA § 9-11-56 (e) (Code Ann. § 81A-156 (e)), supra; *Holland v. Tri-City Hospital Auth.,* 162 Ga. App. 256 (1) (291 SE2d 107); *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357); *Skinner v. Humble Oil & Refining Co.,* 145 Ga. App. 372, 374 (3) (243 SE2d 732).

Defendant's last argument is that the trial court erred in granting summary judgment while reserving its ruling on the counterclaim in which defendant alleged a breach of contract by plaintiff. Defendant cites in support of its argument *Shaw v. Cousins*

*Mortgage &c. Investments,* 142 Ga. App. 773, 776 (7) (236 SE2d 919). Plaintiff, on the other hand, cites *Williams v. Church's Fried Chicken,* 158 Ga. App. 26, 30 (2) (279 SE2d 465) and *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, 874 (1), 879 (264 SE2d 489). The issue was analyzed in depth in the latter case, where this court overruled the case cited by defendant insofar as it may be read as supporting a holding that a trial court *must deny* a motion for summary judgment by one party just because the other party's counterclaim remains pending. *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, supra, at page 878. The court stated: "There seems to be no sound reason to conclude that where there is a pending valid counterclaim, the trial court *must* deny a persuasive and valid motion for summary judgment, or alternatively, that it is error per se to grant a motion for summary judgment where there is a pending, valid counterclaim."

The trial court in the case sub judice did not err in granting plaintiff's motion for summary judgment while reserving ruling on defendant's counterclaim. Inasmuch as defendant did nothing other than allege generally in its answer that plaintiff breached the contract, there is obviously no showing that plaintiff's recovery could be reasonably expected to be substantially or completely nullified by defendant's counterclaim if merited. While it may be supposed that a finding that plaintiff breached the contract would significantly reduce, if not obliterate, any recovery by plaintiff for defendant's breach, such supposition cannot be a substitute for an actual showing. Moreover, the burden is upon defendant now, as appellant, to show that the trial court erred in this regard (see generally *Hancock v. Oates,* 244 Ga. 175, 176 (259 SE2d 437)), and defendant has simply, once again, failed to meet its burden. We therefore will not disturb the decision of the trial court. See *Ashburn Motor Inn v. White Advertising Intl.,* 164 Ga. App. 438, 439 (1) (296 SE2d 220).

2. In its second enumeration of error, defendant contends that the trial court erred in considering plaintiff's two supplemental affidavits and, in its third enumeration of error, defendant contends that the trial court erred in granting plaintiff's motion to supplement the record with the two affidavits. What defendant is contending in both of these enumerations is that the trial court erred in implicitly overruling its objection to the allowance of the affidavits and request for time to respond to them.

The case of *Jones v. Howard,* 153 Ga. App. 137, 139 (1) (264 SE2d 587), stands for the following propositions: A motion for summary judgment must be served at least thirty days prior to the date set for the hearing (as required by OCGA § 9-11-56 (c) (Code Ann. §

81A-156)); supporting affidavits should be filed and served with the motion; the trial court may, in its discretion, allow for later filing of supporting affidavits; the later filed affidavits must still be served upon the other party at least thirty days before the hearing unless the movant seeks and obtains an extension from the trial court pursuant to OCGA § 9-11-6 (b) (formerly Code Ann. § 81A-106 (b) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230)); and it is within the wide discretionary authority of the trial court whether or not to grant the extension.

Under the particular facts and circumstances of the case sub judice, we find no abuse of discretion by the trial court in allowing the two affidavits even though they were served upon defendant only four days before the hearing. The first affidavit contains nothing that was not already admitted by defendant by its failure to respond to plaintiff's request for admissions and the second affidavit merely documents the time spent on the case by plaintiff's attorney in support of the prayer for attorney fees in addition to damages. In light of the nature of these affidavits, we will not disturb the decision of the trial court absent a showing of harm by defendant, which defendant has not provided. See generally *Brown v. City of Atlanta,* 66 Ga. 71, 76 (1); *Premium Distrib. Co. v. National Distrib. Co.,* 157 Ga. App. 666, 670 (2) (278 SE2d 468).

3. We affirm the trial court in the case sub judice, as was the holding in *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, supra, with direction that the amount of the judgment in plaintiff's favor be reduced by an amount equal to defendant's recovery, if any, on its counterclaim presently pending in the trial court.

*Judgment affirmed with direction. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*John Matteson,* for appellant.
*John J. Goger, Jay L. Strongwater, Elizabeth Edelman,* for appellee.