## 68801. EDGE v. STEPHENS.

(324 SE2d 579)

BIRDSONG, Presiding Judge.

Appellee Michael Stephens d/b/a D&K Diesel Services ("Stephens") filed suit on November 15, 1983, against appellant Shirley Edge d/b/a Edge Trucking Company ("Edge"), alleging that Edge was indebted to Stephens pursuant to the terms of an open account agreement in the amount of "at least $1,000.00 together with further interest accruing thereon as provided for in said agreement. . . ." Appellant filed an answer on November 18, 1983, raising defenses of failure to state a claim on which relief could be granted, denying that Shirley Edge had ever done business as Edge Trucking Company, and "emphatically" denying "each and every other allegation of the complaint." On November 29, 1983, appellee by amendment further alleged certain tortious conduct on the part of appellant, and filed requests for admission of fact and interrogatories. Appellant failed to answer the requests for admission or interrogatories, and on January 30, 1984, appellee filed a motion for summary judgment with proper notice to appellant on the ground that there was no genuine issue of material fact and Stephens was entitled to judgment as a matter of law "as appears from the pleadings, and the request for admissions" filed in the case. Appellant did not appear at the hearing on the motion held March 19, 1984, and the trial court entered an order ruling that since appellant had not timely responded to the requests for admission, which addressed all issues in the action, and "did not appear opposed to said motion and the relief prayed for in said motion is appropriate," the "admissions were deemed admitted." Summary judgment was granted to appellee in the amount of $1,000 with interest and costs. Appellant filed notice of appeal from this judgment on March 23, 1984, contending that summary judgment was improper because appellee failed to establish that Shirley Edge d/b/a Edge Trucking Company was indebted to it in any certain amount, or that the alleged debt was the obligation of Shirley Edge. *Held*:

Appellant was correct in challenging the grant of summary judgment. The request for admission of an indebtedness was worded ". . . you received written notification . . . [that] a debt of approximately $1,000 was owing and due. . . ."

The trial court properly considered all the requested admissions as being admitted. "Defendant, having neglected to respond or object to plaintiff's request for admissions, and further having failed to request relief from its neglect, is deemed to have admitted each request, and the trial court had no alternative under these circumstances but to treat the matter contained therein as 'conclusively established.' [Cits.]" *Concert Promotions v. Haas & Dodd*, 167 Ga. App. 883, 884 (307 SE2d 763).

In spite of an admission of a debt of "approximately $1,000" based upon an account, there is no documentary evidence in this record of an account nor as to the exact amount owing as opposed to an approximation. Thus the grant of summary judgment in the amount of $1,000 principal and interest converted a disputed, approximate debt into an admitted sum certain. At best we must conclude that the admission of "approximately $1,000" leaves uncertain the indebtedness and the interest to be computed thereon. In our opinion, this leaves an unsettled issue of fact which precludes the trial court from resolving that issue upon its own assumption of the facts. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736, 739 (123 SE2d 179). Thus appellee Stephens has not satisfied his burden of showing the absence of any disputed fact, i.e., the amount of the indebtedness, so as to entitle him to the grant of summary judgment. *Raven v. Dodd's Auto Sales & Service*, 117 Ga. App. 416 (160 SE2d 633).

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 27, 1984.

*David B. Pittman*, for appellant.
*Massie H. McIntyre*, for appellee.