A91A1102. FUGATE v. GAYFERS MERCANTILE
DEPARTMENT STORES, INC.
(412 SE2d 617)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit for the injuries that she sustained when she fell in appellee-defendant's store. Appellee answered and, after discovery, moved for summary judgment. The trial court granted this motion and appellant appeals.

In her complaint, appellant had alleged "that her fall was occasioned by the highly waxed condition of [appellee's] floor." Compare

*Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980) (wherein the plaintiff did not allege the existence of a specific condition, but "averred only that the 'slippery and dangerous floor maintained by defendant' was the proximate cause of her fall"). In an effort to pierce this allegation, appellee produced the affidavit of an employee who witnessed the fall. This employee stated in her affidavit "[t]hat immediately before the fall, she had just walked across the area [in which appellant fell, . . . and that the floor was free of *any* defect, abnormal or hazardous condition at that time." (Emphasis supplied.) If unrefuted, this affidavit would demonstrate that, contrary to the allegations of appellant's complaint, there was *no* highly waxed condition at the location where appellant fell. However, in opposition to appellee's motion, appellant herself testified that the floor was in fact not only "very shiny," but was also "very slippery." Construing this most favorably for appellant, it constitutes a refutation of the testimony of appellee's employee and an assertion by appellant that the highly waxed floor alleged in her complaint was evidenced by the "very slippery" and "very shiny" floor upon which she actually fell. Accordingly, a genuine issue of material fact remains as to the highly waxed condition of appellee's floor.

Appellee urges that, even if there is evidence that its floor was highly waxed, there is no evidence that its floor was over waxed or had otherwise been negligently waxed. It is clear that, at trial, appellant "must, at a minimum, show, that [appellee] was negligent either in the materials [it] used in treating the floor or in the application of them." *Alterman Foods, v. Ligon*, supra at 624. On summary judgment, however, the evidentiary burden was on appellee and not upon appellant. Appellee attempted to meet that burden by demonstrating that its floor was not highly waxed, rather than by demonstrating that its floor, even if highly waxed, had not been negligently over waxed or otherwise negligently waxed. Compare *Alterman Foods v. Ligon*, supra at 625 (wherein the defendant-movant had "introduced evidence that the floor had been waxed [with a non-slip wax] two and one-half days prior to plaintiff's fall and had been trafficked during that time by other customers"). If appellee's floor had never even been highly waxed, the question of whether the floor had been negligently over waxed or otherwise negligently waxed would be obviated. However, appellant met her burden of countering appellee's evidence by her showing that a genuine issue of material fact remained as to the highly waxed and slippery condition of the floor. Appellant had no further obligation to demonstrate that a genuine issue of material fact remained as to whether the highly waxed floor was negligently over waxed or otherwise negligently waxed unless and until appellee had met its initial burden as to that issue of its negligence.

Appellee, "unlike the defendant in *Alterman*, made no showing

that the wax applied to the floor was of a non-slip variety [or any other showing regarding the waxing of its floor]. While the evidence of record in favor of [appellant] would undoubtedly be insufficient to survive a motion for directed verdict at trial, in a motion for summary judgment the burden is always on the movant, even as to matters on which the respondent would have the burden of proof at trial. [Cits.]" *S. S. Kresge Co. v. Blount*, 162 Ga. App. 404, 405 (291 SE2d 728) (1982). "In the case sub judice, [appellee] has failed to make any showing that it was not negligent in the materials used in treating the floor or in the application thereof. . . . Compare the . .'. cases in which the respective defendants presented evidence they were not negligent in the choice of materials used in treating the floors or the application of them, and the respective plaintiffs did not produce any evidence as to the quality of the material or methods used by the respective defendants in maintaining the floor. [Cits.]" *Perkins v. Peachtree Doors*, 196 Ga. App. 878, 879 (397 SE2d 54) (1990). "As [appellee] has not negated [appellant's] allegations of negligence, the trial court [erred] in [granting] its motion for summary judgment." *S. S. Kresge Co. v. Blount*, supra at 405.

Judgment reversed. *McMurray, P. J., Pope and Cooper, JJ. and Judge Arnold Shulman concur. Sognier, C. J., Birdsong, P. J., Beasley and Andrews, JJ., dissent.*

BEASLEY, Judge, dissenting.

I cannot materially distinguish *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). Plaintiff's allegation in this case is not much more than a rearrangement of the operative words, conveying the same idea. The fact that a floor is "highly waxed" does not incorporate the notion that it is negligently maintained. Plaintiff's testimony that the floor was "very shiny" and "very slippery" does not import a charge of negligence either. It does not pierce the defendant's evidence that "the floor was free of any defect, abnormal or hazardous condition."

In *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the Supreme Court pointed out that "[a] defendant who will not bear the burden of proof at trial need not affirmatively disprove the non-moving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the [evidence] that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491. Reiterating this, the Court stated that "at summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case." Id. at 495.

To prove her case, plaintiff must prove among other things that defendant owed a duty to her and that it failed to conform to the standard of care required. *Sutter v. Hutchings*, 254 Ga. 194, 196 (327 SE2d 716) (1985). Defendant proprietor's duty to invitee plaintiff was to "exercise ordinary care in keeping the premises . . . safe." OCGA § 51-3-1. Plaintiff has produced no evidence which counters defendant's evidence that "the floor was free of any defect, abnormal or hazardous condition."

The trial court, viewing all the facts and reasonable inferences in a light most favorable to the non-moving party, correctly concluded that the evidence did not create a triable issue as to one of the elements of tort, for there was no issue as to a breach of defendant's duty.

I am authorized to state that Chief Judge Sognier, Presiding Judge Birdsong, and Judge Andrews join in this dissent.

DECIDED NOVEMBER 19, 1991.

*Patrick J. Araguel, Jr. & Associates, Patrick J. Araguel, Jr., Deborah B. DePalo*, for appellant.

*Self, Mullins & Robinson, Ronald W. Self*, for appellee.