S96A1776. HAMBRICK et al. v. B. G. SWING GAMES MANAGEMENT, INC. et al.
(481 SE2d 816)

BENHAM, Chief Justice.

The appellants in this case are two persons holding permits for street vending from the City of Atlanta Police Department. The appellees are a corporation (B. G. Swing) and its chief operating officer, Steed. B. G. Swing contracted with the Atlanta Economic

Development Corporation (AEDC) to implement a marketing, vending, and economic development program for the City of Atlanta's benefit during the 1996 Summer Olympic Games. Appellants filed in Fulton Superior Court an unverified information in the nature of quo warranto challenging appellees' authority to exercise governmental control over all street vending in Atlanta. Alleging specifically that appellees had informed them that they must give up the vending sites for which they hold licenses and must pay B. G. Swing a fee for an alternate site, appellants contended that B. G. Swing and Steed were usurping the legislative power of the City of Atlanta. Appellees filed an answer to the information and both sides moved for summary judgment, supporting their motions with affidavits. The trial court granted summary judgment to appellees.

The general allegation of the information was that appellees were unlawfully exercising public authority to regulate all street vending in Atlanta. Specifically, appellants alleged that they were told by appellees that, because of security considerations, appellants could not use, during the period of the Olympic games, the vending sites for which they held licenses; that they would have to pick one of B. G. Swing's sites and pay money to B. G. Swing in addition to their normal license fee; and that their usual sites were being sold for higher prices to other vendors.

In support of their motion for summary judgment, appellees filed certified copies of state and city legislation, a copy of the contract between AEDC and B. G. Swing, and affidavits from Steed and from an official of the Atlanta Police Department (APD). Those documents established that the Atlanta City Council authorized AEDC to enter into a contract with a management company to develop and manage a marketing plan for the period of the Olympic games; that the contract was awarded to B. G. Swing; that the contract gave B. G. Swing no direct authority over street vendors, but did permit B. G. Swing to manage the placement of vendors in certain places, other than currently approved street vending sites, pursuant to festival licenses issued by the City of Atlanta; that all of B. G. Swing's plans had to be approved by AEDC; that B. G. Swing was required to operate within the framework of state laws and municipal ordinances; that the APD licenses vendors and controls their locations pursuant to a vending plan developed and enacted by the City of Atlanta; that the APD, not B. G. Swing, notified some vendors that security considerations might require them to occupy different vending sites during the Olympic games; that such vendors were informed that they could choose another site, which would otherwise be assigned to B. G. Swing under a festival license granted by the City; that they would not have to pay for those alternate sites any fee other than their usual vending license fees; and that the original vending sites of

those vendors were not being assigned to other vendors.

> [A]t summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (4) (405 SE2d 474) (1991). Appellees supported their motion for summary judgment with evidence which showed they did not commit the specific acts appellants alleged they committed, and did not have the authority appellants alleged they had exercised. In doing so, appellees met their burden as movants for summary judgment to demonstrate an absence of evidence to support at least one essential element of appellants' case. Id.

"If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." Id. Appellants filed in support of their motion, and in opposition to appellees' motion, their own affidavits, an affidavit from their attorney, an affidavit from an Atlanta City Council member, and what appears to be part of a report by a commission appointed by the Atlanta City Council relating to the Five Points area of the City. The attorney's affidavit, though it purported to be made on personal knowledge, was merely a restatement of allegations, replete with hearsay and conjecture, and an argument in support of appellants' claims. The affidavits of the appellants consisted of a repetition of some of the allegations of the information. That evidentiary offering was insufficient because nowhere in the material submitted by appellants were there statements, based on personal knowledge, of fact as opposed to allegation and conjecture, contradicting appellees' showing that they did not exercise any authority reserved to the City of Atlanta and did not attempt to exercise any authority at all over appellants. The closest appellants came to creating a question of fact was with Hambrick's affidavit, which contained a statement that he attended meetings in the previous year in which Steed "discussed" the possibility that existing vendors would have to pay a fee to keep their present locations. That assertion, however, does not contradict appellees' evidence showing a lack of any effort to control or regulate existing street vending licensees.

It appears, therefore, that appellees have carried their burden under *Lau's Corp.*, supra, to point out an absence of evidence to support appellants' case, but appellants have not borne their responsibility to point to specific evidence giving rise to a triable issue.

Accordingly, appellees were entitled to the grant of their motion for summary judgment. *Evans v. Heard*, 264 Ga. 239 (4) (442 SE2d 753) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 1997.

*Sybol P. Williams*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Linda G. Birchall*, for appellees.