## A99A1887. FIVE STAR STEEL CONSTRUCTION, INC. v. KLOCKNER NAMASCO CORPORATION.

### (524 SE2d 783)

ELDRIDGE, Judge.

Klockner Namasco Corporation d/b/a Namasco ("Namasco") sued Five Star Steel Construction, Inc. ("Five Star"), Abb Flexible Automation, a German corporation ("Abb I"), and Abb Oberflachentechenanlagen GmbH, a German corporation ("Abb II"), for breach of contract, open account, and unjust enrichment for steel delivered and invoiced to Five Star. Five Star was properly served.

Five Star answered and set forth as defenses assignment of the monies held by General Motors and Chrysler Corporation due it from Abb I and II on the two contracts for which the steel was delivered, accord and satisfaction by the assignment and payment schedule in settlement of the debt, and payments made under the agreement. Five Star, by verified answer and affidavit, disputed the open account on the following bases: the account shown was inaccurate in that the account showed steel shipped on other accounts; there was a settlement; the account did not properly reflect credits for the assignments and for payments made under the settlement; and payments made on these accounts were improperly credited.

On November 19, 1997, Namasco filed its motion for summary judgment. Filed in support of the motion was the affidavit of Chris Johnson with a copy of the open account attached to the suit. The affidavit stated that: the account was kept in the ordinary course of business; the statement was shown by the records; such amounts were invoiced to Five Star for steel delivered to it; demand for payment was made but refused; interest accrued at one and one-half percent per month; and all proper credits had been applied to the account. On March 4, 1998, Namasco moved to supplement Johnson's affidavit by attaching the entire account history without explaining the entries. The accounts receivable record in the supplemental affidavit materially differs from the original open account filed with the suit and the first affidavit. The only explanation for the difference is that the accounts receivable record is the complete history for the accounts between the parties for the years 1994, 1995, 1996, and 1997.

Five Star filed affidavits with exhibits that directly and with specific facts disputed the accuracy of the original open account, as well as the supplemental account records.

The trial court found

> that while the original affidavit and supplemental affidavit submitted by the Plaintiff are different in form, such affidavits are not contradictory in substance and thus no unfavorable inference should be derived from the fact that different account statements were provided to the Court.

The trial court granted summary judgment on the open account, finding that

> [o]nce the Plaintiff established a prima facie right to judgment on the open account, the burden shifted to the Defendant to produce evidence showing a different amount owed and thereby creat[ing] a jury issue. The Court finds that the Defendant has failed to carry that burden. Therefore, the Court finds that, after viewing the evidence produced in the light most favorable to the nonmoving party, there are no disputes as to genuine issues of material fact and that summary judgment in favor of the Plaintiff is proper and is GRANTED.

1. Five Star contends that the trial court erred in granting summary judgment for a number of reasons. We agree.

(a) OCGA § 9-11-56 (e) states in part as follows:

> [w]hen a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial.

The moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, when given the most favorable inference for the respondent, warrant judgment as a matter of law. The movant may do this by showing that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of either the plaintiff's case or all defenses asserted in the answer of the defendant. Such burden of proof of the movant may be discharged by pointing out by reference to evidence of record that there is an absence of any evidence to support the nonmoving party's case. If the moving party discharges this burden of proof, then the burden of proof does not shift, but the respondent must come forward with some specific rebuttal evidence giving rise to

a triable issue of fact. OCGA § 9-11-56 (c); *Hambrick v. B. G. Swing Games Mgmt.*, 267 Ga. 597, 599 (481 SE2d 816) (1997); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Congress Re-Ins. Corp. v. Archer-Western Contractors*, 226 Ga. App. 829, 832 (4) (487 SE2d 679) (1997); *Gentile v. Bower*, 222 Ga. App. 736, 737 (477 SE2d 130) (1996).

> In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to [an] essential element of the [defense].

*Lau's Corp. v. Haskins,* supra at 495. The respondent does not have to present conclusive proof to rebut movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied by the trial court. *Pafford v. Biomet,* 264 Ga. 540, 544 (2) (448 SE2d 347) (1994); *Precise v. City of Rossville,* 261 Ga. 210, 212 (3) (403 SE2d 47) (1991); *Garrett v. NationsBank,* 228 Ga. App. 114, 115-116 (491 SE2d 158) (1997). If the nonmoving party on summary judgment motion successfully produces rebuttal evidence, the burden of persuasion shifts back to the movant to establish the nonexistence of a genuine issue of fact, because the burden of proof is always on the movant, even though the movant may not have such burden of proof at trial. *Gentile v. Bower,* supra; *Fugate v. Gayfers Mercantile Dept. Stores,* 201 Ga. App. 867, 869 (412 SE2d 617) (1991); *S. S. Kresge Co. v. Blount,* 162 Ga. App. 404, 405 (291 SE2d 728) (1982). In this case, the trial court failed to follow such rules where Five Star presented some evidence to create material issues of fact, both as to the amount owed and as to its defenses.

(b) A verified answer to a claim for open account that sets out the defenses of payment, set-off, and accord and satisfaction creates a factual issue. The sworn answer creates a proper jury question to a suit on an open account on motion for summary judgment when the verified answer sets forth a scintilla of rebuttal evidence on such issues by pleading specific facts, because the verified answer meets the standard for affidavits as to specific facts. OCGA §§ 9-10-112; 9-11-56 (e); *Foskey v. Smith,* 159 Ga. App. 163, 164-165 (283 SE2d 33) (1981); see generally *Love v. Love,* 259 Ga. 423 (383 SE2d 329) (1989); *Keene v. Herstam,* 225 Ga. App. 115 (483 SE2d 335) (1997); *Riverdale Beverage Corp. v. Brick & Whalen,* 162 Ga. App. 516 (292 SE2d 98) (1982); *Wilkes v. Arkansas Fuel Oil Co.,* 60 Ga. App. 775, 778-779 (1), (2) (5 SE2d 269) (1939).

(c) A suit on open account is available as a simplified procedure

to the provider of goods and services where the price of such goods or services has been agreed upon and "where it appears that the plaintiff has fully performed [its] part of the agreement and nothing remains to be done except for the other party to make payment." *Haas v. Jaffe*, 45 Ga. App. 11, 12 (2) (163 SE 226) (1931); accord *Lipsey Motors v. Karp Motors*, 194 Ga. App. 15, 19 (3) (389 SE2d 537) (1989). However, when there is a dispute that goes to either assent to the services, terms of the contract, what work was performed, the quality of the performance, or cost, then suit on account is not the proper procedure for suit, because there is a factual issue other than nonpayment on the account. See *Lawson v. O'Kelley*, 81 Ga. App. 883, 885 (1) (60 SE2d 380) (1950); *Craig v. Augusta Roofing &c.*, 78 Ga. App. 514, 515 (1) (51 SE2d 565) (1949).

An open account procedure is not appropriate when there is a special agreement about the payment for the goods and services, because the money is not due and payable as under an open account. See *Schluter v. Perrie, Buker, Stagg & Jones*, 230 Ga. App. 776 (1) (498 SE2d 543) (1998) (physical precedent only); *Watson v. Sierra Contracting Corp.*, 226 Ga. App. 21, 27 (b) (485 SE2d 563) (1997) (physical precedent only). Where, as here, the parties have entered into a modification of the original contract on account as to time and manner of payment, and the plaintiff has accepted an assignment of accounts receivable and a schedule of partial payments with payments, open account is not the proper procedure. The claim must proceed as a breach of contract action. See *Schluter v. Perrie, Buker, Stagg & Jones*, supra at 777.

Further, where, as here, there is a dispute regarding the amount, credits for assignments and payments, set-offs, and accounting by evidence as to specific facts in the record, such defenses create a factual issue for jury trial. *Edge v. Stephens*, 172 Ga. App. 759 (324 SE2d 579) (1984); *Foskey v. Smith*, supra at 164-165.

McKnight denied that Namasco had ever charged interest for an account over 30 days old. McKnight testified that the accounts were inaccurate and showed specific errors in invoice amount and the balance due. McKnight pointed out with specific facts the amounts of assignments and payments that Namasco failed to credit against the balance, what the balance was, what the balance should have been, and why the balance was in error. McKnight testified that Five Star assigned $38,300.59 to Namasco by agreement; that such sum was owed to it by Abb Sistemas, S. A. de C. V., a Mexican corporation; that Five Star agreed to pay a weekly sum of $500, beginning on March 26, 1995, and continuing until $55,500.13 was paid; and that it paid $15,000, which was not credited. He also testified that a payment of $10,000 made on May 24, 1994, was not credited against the outstanding balance. These are but a few of the specific factual chal-

lenges to the accuracy of Namasco's open account. As such, summary judgment should have been denied.

2. Five Star's remaining enumerations of error are controlled by the holding in Division 1.

*Judgment reversed. Blackburn, P. J., and Barnes, J.; concur.*

DECIDED NOVEMBER 8, 1999.

*Guy E. Davis, Jr.*, for appellant.
*William L. Kidd*, for appellee.