### 36438. ALTERMAN FOODS, INC. v. LIGON et al.

BOWLES, Justice.

Plaintiff Ligon filed suit against defendant Alterman Foods, Inc. for injuries she sustained to her knee when she slipped and fell while shopping in defendant's store. Plaintiff's complaint averred that defendant's slippery floor proximately caused her fall and that

defendant knew or should have known of the dangerous condition of the floor. No one actually saw plaintiff fall.

In her deposition plaintiff testified that she had gone to the store to shop sometime after 2:00 p. m. on Friday afternoon as she had customarily done for four years; that although it was raining outside she noticed no water or wet areas on the floor; that the floor was "slippery and highly polished as usual"; that she did not notice the floor to be any more slippery than it had been on any other day she had been in the store until her foot slipped out from under her; that she did not see what she had slipped on either before or after she fell; that she did not know if there was a foreign substance on the floor which had caused her fall or if her fall was due to the slipperiness of the floor itself; that there were no marks or streaks on the floor or stains on her clothing which would have indicated what it was she slipped on.

On cross-examination plaintiff testified that in 1965 she was involved in an automobile accident which resulted in one of her legs being longer than the other and that since that time she was forced to wear a built-up shoe on one foot to compensate for her disability. Plaintiff stated that the foot on which she wore the built-up shoe was the one that had slipped out from under her in defendant's store.

In opposition to plaintiff's testimony defendant introduced depositions from a shopper who had assisted the plaintiff after her fall. This shopper testified that she sat on the floor to cradle plaintiff's head in her lap until the Rescue Squad arrived and that she would have "definitely known" if there was anything "unusual" about the floor. The shopper testified that she saw nothing on the floor that could have caused the plaintiff's fall and that the floor was not slippery.

Defendant also introduced a deposition from a store employee who had gone to the aid of plaintiff after her fall. The employee stated that he had examined the area where the plaintiff fell and found no foreign substance anywhere near her. He further testified that each Tuesday night after the store was closed store employees would wash and wax the floor with a non-slip wax.

The trial court granted defendant's motion for summary judgment. The Court of Appeals reversed, finding that "a genuine issue of material fact existed as to whether the floor was so slippery as to create an unreasonable risk that a store patron in [plaintiff's] circumstances would slip and fall on it." See, *Ligon v. Alterman Foods, Inc.,* 154 Ga. App. 440 (268 SE2d 701) (1980), citing *Langley v. Ellman's, Inc.,* 143 Ga. App. 16 (237 SE2d 415) (1977). The cases have tended to drift toward a jury issue in every "slip and fall" case. We granted certiorari to determine whether the plaintiff's evidence in

this case was sufficient to withstand defendant's motion for summary judgment in the light of other uncontradicted evidence showing no lack of care on defendant's part.

We reverse.

In the majority of the so-called "slip and fall" cases the plaintiff alleges either that he slipped on a foreign substance—grit, vegetable leaves, trash, objects which have fallen from store shelves, etc.—on defendant's floor, or that defendant's floor has been made dangerously slippery by waxing, oiling or otherwise treating it.

In cases involving foreign substances the customer does not ordinarily know if the substance which caused him to fall has been placed on the floor through negligence attributable to the owner or through that of someone other than the owner. While the owner or occupier of land is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, Code Ann. § 105-401, "[b]efore an owner can be held liable for the slippery conditions of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care." *Conaway v. McCrory Stores,* 82 Ga. App. 97, 101 (60 SE2d 631) (1950). Accord, *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232) (1970). Thus it is said that only "when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136, 138 (207 SE2d 532) (1974). Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142) (1976); *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (4) (207 SE2d 234) (1974). However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous. *Winn-Dixie Stores v. Hardy,* supra; *Boatright v. Rich's, Inc.* supra; *Angel v. Varsity, Inc.,* 113 Ga. App. 507 (148 SE2d 451) (1966). Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor "was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." *Winn-Dixie Stores v. Hardy,* supra, at 345; *Sharpton v. Great A & P Tea Co.,* 112 Ga. App. 283 (145 SE2d 101) (1965).

In other cases the proprietor may be liable if he fails to exercise reasonable care in inspecting and keeping the premises in safe

condition. To sustain a cause of action in the latter type case the plaintiff must show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant. *Winn-Dixie Stores v. Hardy,* supra. "The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case [the] (nature of the business, size of the store, the number of customers, the nature of the dangerous condition and [the store's] location)." *Sharpton v. Great A & P Tea Co.,* supra, at 285.

As stated above, not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. *Sears, Roebuck & Co. v. Reid,* supra. " 'The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." *McGrew v. S. S. Kresge Co.,* 140 Ga. App. 149, 151 (230 SE2d 119) (1976); *King Hardware Co. v. Teplis,* 91 Ga. App. 13, 15 (84 SE2d 686) (1954). See also, *Stowe v. Gallant-Belk Co.,* 107 Ga. App. 80 (129 SE2d 196) (1962).

However, a store patron "is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when [his] attention has been. . . diverted." *Glover v. City Council of Augusta,* 83 Ga. App. 314, 316 (63 SE2d 422) (1951). "[W]here a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by a sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury in colliding with what might otherwise be a patent and even safe appurtenance, may constitute actionable negligence on the part of the defendant." *Jackson Atlantic, Inc. v. Wright,* 129 Ga. App. 857, 859 (201 SE2d 634) (1973); *Gray v. Delta Air Lines,* 127 Ga. App. 45, 52 (192 SE2d 521) (1972).

Thus in order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance.

The slip and fall cases involving foreign substances are inapplicable in an instance where the plaintiff alleges that he fell

because of the slippery wax, oil or other finish that defendant placed on the floor. Because the defendant applied or authorized the application of the floor treatment, he is presumed to have knowledge of its existence. See *American National Bank v. Howard,* 117 Ga. 834 (161 SE2d 838) (1968). In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. See, *Hogg v. First National Bank,* 82 Ga. App. 861 (62 SE2d 634) (1950).

The weight of authority in cases where the plaintiff slips and falls, allegedly due to the defendant's negligence in maintaining a highly waxed and slippery floor, is that "proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence." 63 ALR2d 634, § 10 and cases cited therein.[1] To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state. See *Boatright v. Rich's Inc.* and *Angel v. Varsity, Inc.* supra. "What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use." *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47, 49 (183 SE2d 7) (1971); *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 340 (15 SE2d 797) (1941).

Thus the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them.

The line of demarcation in the cases is a narrow one, but to say that the issue is one for the jury in every such case presents an intolerable burden on innocent or even the most diligent merchants.

In the case before us the plaintiff averred only that the "slippery and dangerous floor maintained by defendant" was the proximate cause of her fall. The defendant presented evidence of no defective condition in the floor. Plaintiff did not introduce any evidence of the quality of material used or the methods which defendant used in waxing and maintaining its floor. She merely stated that she slipped and fell, but that she *could not determine what it was that caused her fall.*

---

[1] In support of this position see Asmussen v. New Golden Hotel Co., 392 P2d 49 (1964); Safeway Stores v. Dobbs, 424 P2d 55 (1967); Sanderson v. Safeway Stores, 421 P2d 472 (1966); Tatom v. American Mfgrs. Mutual Ins. Co., 320 S2d 926 (1975); Pollack v. Oak Office Building, 151 NW2d 353 (1967).

" "The purpose of the Summary Judgment Act. . . is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.' " *Summer-Minter v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173) (1974); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442) (1962). See Code Ann. § 81A-156. "It is the duty of each party at the hearing on the motion for summary judgment to present his case in full." *Summer-Minter* at 604. "On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of material fact is upon the movants. . . and the evidence must be construed most strongly against them." *Marsh v. Berens,* 237 Ga. 135, 136 (227 SE2d 36) (1976); *Wheeler v. Rowell,* 234 Ga. 403, 404 (216 SE2d 301) (1975). " 'When a motion for summary judgment is made and supported as provided in [Code Ann. § 81A-156 (e)], an adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.' " *Food Fair, Inc. v. Mock,* 129 Ga. App. 421, 422 (199 SE2d 820) (1973).

Defendant introduced testimony of witnesses who had examined the floor immediately after plaintiff's fall and who found neither a foreign substance nor any other defect in the floor. Defendant also introduced evidence that the floor had been waxed two and one-half days prior to plaintiff's fall and had been trafficked during that time by other customers. Defendant's evidence was sufficient to pierce the pleadings of the plaintiff and to shift the burden to her to produce issuable evidence or suffer judgment. See *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977).

"The evidence [here] is not ambiguous, doubtful, or susceptible of more than one interpretation. There is no evidence that the defendant or its agents were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by the defendant or its agents. The evidence simply shows that the plaintiff fell while shopping in the defendant's store. This is insufficient." *Food Fair v. Mock,* supra, at 423. Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.

It cannot be inferred from a silent record that defendant negligently maintained its floor. Plaintiff's statements, taken in the light most favorable to her, are merely conclusions and are probative of nothing. The fact is they show that she proceeded on the floor with

full knowledge of its condition "as usual."

The Court of Appeals erred in reversing the grant of defendant's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED
NOVEMBER 5, 1980.

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Barrington Vaught,* for appellant.
*James D. Patrick,* for appellees.