## 63892. S. S. KRESGE COMPANY v. BLOUNT.

BANKE, Judge.

This is an interlocutory appeal from the denial of the defendant's motion for summary judgment in a "slip-and-fall" case.

The plaintiff alleges in her complaint that her fall was caused "by the slippery conditions of defendant's floor resulting from it being highly waxed, or some unknown substance being allowed to remain on the floor." The defendant supported its motion for summary judgment with the affidavit of the assistant store manager to whom the plaintiff reported her injury. This witness stated that she had examined the area where the plaintiff claimed to have fallen and found no foreign substances or debris, nor anything else on the floor which could have caused the fall. She further stated that the floor in this area was not slippery. In answer to interrogatories filed by the plaintiff, the defendant indicated that the portion of the floor in question had not been waxed for at least a week prior to the plaintiff's fall, that "water, sudsdown 8/5 and a wax stripper" was applied before waxing, and that no "spray buffing" was performed on the floors.

In opposition to the motion for summary judgment, the plaintiff relied solely on her own affidavit as follows: "I could tell after I fell that the floor was very slippery due to the excess wax being on the floor. I could see that the area in which I fell was of a different color than the other area in the shoe department in that it was more shiny and that it was a highly polished area which was different than the other areas of the store and which was very slippery." *Held:*

In *Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980), the Supreme Court held that a slip-and-fall plaintiff who claims to have fallen because of the slippery wax or other finish placed on the floor by the defendant "must, at a minimum, show the defendant was negligent either in the materials he used in treating the floor or in the application of them." The defendant in that case introduced testimony that its floor was waxed every week with a "non-slip" wax, that such a waxing had taken place two and a half days prior to the plaintiff's fall, and that during that period, the floor had been heavily trafficked by other customers. The plaintiff, on the other hand, averred merely that a "slippery and dangerous floor maintained by the defendant" was the proximate cause of her fall. In addition, her statements indicated that she had proceeded onto the floor with full knowledge that it was slippery "as usual." Based on this evidence, the Supreme Court concluded that the defendant was entitled to summary judgment.

In the case before us now, the plaintiff averred not only that the

floor was slippery but also that the area where she fell was of a different color and was more highly polished than the other areas. Unlike the plaintiff in *Alterman,* she made no admission that she knew the floor was slippery before she began walking on it. The defendant in this case, unlike the defendant in *Alterman,* made no showing that the wax applied to the floor was of a non-slip variety. While the evidence of record in favor of the plaintiff would undoubtedly be insufficient to survive a motion for directed verdict at trial, in a motion for summary judgment the burden is always on the movant, even as to matters on which the respondent would have the burden of proof at trial. See *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973); *Marsh v. Frederick W. Berens, Inc.,* 237 Ga. 135, 136 (227 SE2d 36) (1976); *Wheeler v. Rowell,* 234 Ga. 403, 404 (216 SE2d 301) (1975). As the defendant in this case has not negated the plaintiff's allegations of negligence, the trial court was correct in denying its motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 21, 1982.

*Darlene Y. Ross,* for appellant.
*Alton D. Kitchings,* for appellee.