## 66044. WOLLING v. JOHNNY HARRIS RESTAURANT, INC.

QUILLIAN, Presiding Judge.

Plaintiff in a slip and fall action for negligent injury appeals the grant of summary judgment to defendant-appellee restaurant.

Appellant entered appellee restaurant in the afternoon to attend a bridal shower being held in a private room. Walking to the room through the dining area appellant slipped and fell on a waxed wooden floor which was routinely used as a dance floor during the evenings. *Held:*

1. Appellant contends that the trial court erred in failing to distinguish her case from *Alterman Foods v. Ligon,* 246 Ga. 620 (272 SE2d 327), in which the court held on similar facts that the defendant-appellant therein was entitled to summary judgment. The Supreme Court said: "The weight of authority in cases where the plaintiff slips and falls, allegedly due to the defendant's negligence in maintaining a highly waxed and slippery floor, is that 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' [Cits., footnote omitted.] To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state. [Cit.] 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business-man is in such matters accustomed to use.' [Cits.]

"Thus the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them.

"The line of demarcation in the cases is a narrow one, but to say that the issue is one for the jury in every such case presents an intolerable burden on innocent or even the most diligent merchants.

"In the case before us the plaintiff averred only that the 'slippery and dangerous floor maintained by the defendant' was the proximate cause of her fall. The defendant presented evidence of no defective condition in the floor. Plaintiff did not introduce any evidence of the

quality of material used or the methods which defendant used in waxing and maintaining its floor. She merely stated that she slipped and fell, but that she *could not determine what it was that caused her fall. . . .*

"Defendant introduced testimony of witnesses who had examined the floor immediately after plaintiff's fall and who found neither a foreign substance nor any other defect in the floor. Defendant also introduced evidence that the floor had been waxed two and one-half days prior to plaintiff's fall and had been trafficked during that time by other customers. Defendant's evidence was sufficient to pierce the pleadings of the plaintiff and to shift the burden to her to produce issuable evidence or suffer judgment. [Cit.]

" 'The evidence [here] is not ambiguous, doubtful, or susceptible of more than one interpretation. There is no evidence that the defendant or its agents were guilty of any negligence. Indeed the record affirmatively shows the absence of any negligence by the defendant or its agents. The evidence simply shows that the plaintiff fell while shopping in the defendant's store. This is insufficient.' [Cit.] Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.

"It cannot be inferred from a silent record that defendant negligently maintained its floor. Plaintiff's statements, taken in the light most favorable to her, are merely conclusions and are probative of nothing. The fact is they show that she proceeded on the floor with full knowledge of its condition 'as usual.' " Id. at 624-626.

The facts in the instant case are similar. Appellant slipped and fell in a restaurant on a waxed floor. She had been in the restaurant many times before and was aware that there was a dance floor and that the floor did not look any different than it had on her previous visits. She believed the wax on the floor caused her to fall. There was no evidence of any defect or any foreign substance on the floor, which was waxed every six months with a non-slip wax.

Appellant argues that *Alterman* is factually distinguishable because she fell on a dance floor, which had an alternative use as a dining area. We do not find these differences sufficient to distinguish *Alterman,* which was properly applied by the trial court. Other similar cases following *Alterman* are: *Mahaffey v. First Nat. Bank,* 157 Ga. App. 844 (278 SE2d 729); *Pound v. Augusta National,* 158 Ga. App. 166 (279 SE2d 342); *Tolliver v. Hollingsworth,* 161 Ga. App. 118 (289 SE2d 272); *Key v. J. C. Penney Co.,* 165 Ga. App. 176 (299 SE2d 895). Compare, *S. S. Kresge Co. v. Blount,* 162 Ga. App. 404 (291 SE2d 728), which is distinguishable.

2. In view of the foregoing the remaining enumeration need not be considered.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 13, 1983.

*William S. Lewis, W. Paschal Bignault,* for appellant.
*I. Gregory Hodges,* for appellee.