### 68166. MARTIN v. SEARS, ROEBUCK & COMPANY.

DEEN, Presiding Judge.

Appellant Martin went to an Albany, Georgia, department store to shop for a coat. Upon entering the store, she noticed that the floor looked "clean and shiny," and as they proceeded towards the coat department her husband warned that the floor appeared "slippery" or "slick." The couple had advanced no more than two or three steps farther when appellant slipped and fell to the floor, breaking her hip.

Mrs. Martin filed an action against appellee Sears, Roebuck & Company (Sears), seeking damages for her injuries, for medical expenses, and for pain and suffering. She alleged that appellee was negligent in maintaining the floor in such condition as to cause her to

fall, and in failing to post signs warning of the floor's condition. Appellee moved for a directed verdict at the close of plaintiff's evidence, and the trial court, after an extended conference with counsel for both parties concerning the issues and relevant precedents, ruled in favor of appellee. On appeal Mrs. Martin enumerates this ruling as error, alleging that there remain genuine issues of material fact which require jury resolution. *Held*:

This case is factually similar to *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). In the instant case, as in *Ligon*, appellant observed upon entering the premises that the floor appeared "clean and shiny"; she saw no foreign substance on the floor, nor was any apparent to bystanders; and there was no evidence as to what had actually or proximately caused her to slip and fall. Unlike the plaintiff in *Ligon*, however, appellant here insists that she could "feel" wax through the sole of her medium-heeled pump and that, on the basis of forty years' housekeeping, she was certain that there was "too much" wax on the floor and that it had not been properly buffed. Appellant offered no evidence to corroborate her assertion that an unusual quantity of wax was present on the floor or that the wax had been improperly applied.

To sustain such an allegation, "the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them." Id. at 624. In the instant case, as in *Ligon*, the "[p]laintiff did not introduce any evidence of the quality of material used or the methods which defendant used in waxing and maintaining its floor. She merely stated that she slipped and fell . . ." Id.

"It cannot be inferred from a silent record that defendant negligently maintained its floor. Plaintiff's statements, taken in the light most favorable to her [as must be done on a defendant's motion for directed verdict], are merely conclusions and are probative of nothing." Id. at 625. As this court held in *Food Fair v. Mock*, 129 Ga. App. 421, 423 (199 SE2d 820) (1973), "[t]here is no evidence that the defendant or its agents were guilty of any negligence. The evidence simply shows that the plaintiff fell while shopping in the defendant's store. This is insufficient." Moreover, absent evidence either of negligence in maintaining the floor or of the existence of any dangerous condition of which appellee knew or ought to have known, appellee had no duty to warn, whether by posting signs or otherwise. See, e.g., *Sutton v. Sutton*, 145 Ga. App. 22 (243 SE2d 310) (1978). Under Georgia law, the proprietor of a store is not an insurer of his customers' safety. *Ligon*, supra at 624. Accord *Wolling v. Johnny Harris Restaurant*, 166 Ga. App. 630 (305 SE2d 168) (1983). As the *Ligon* court observed at 625, "Falling and injuring one's self proves nothing."

"The direction of a verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a). . . . The evidence in this case construed most favorably towards [Mrs. Martin] fails to establish any negligence on the part of the appellee. Accordingly, the trial court did not err in directing a verdict in the appellee's favor." *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (301 SE2d 695) (1983).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1984 —
REHEARING DENIED MAY 3, 1984 —

*Henry C. Custer*, for appellant.
*W. Earl McCall, Jesse W. Walters*, for appellee.