41198. MARTIN v. SEARS, ROEBUCK & COMPANY.
(320 SE2d 174)

GREGORY, Justice.

We granted certiorari to determine whether the Court of Appeals misapplied *Alterman Foods v. Ligon,* 246 Ga. 620 (272 SE2d 327) (1980) to the facts of this case. See *Martin v. Sears, Roebuck & Co.,* 170 Ga. App. 791 (318 SE2d 144) (1984).

The evidence in this case shows that petitioner, accompanied by her husband, went to respondent's store to shop for a coat. Petitioner was 65 years old at the time. As they entered the store petitioner's husband noticed the "floor felt slippery under [his] feet." He cautioned his wife and "almost instantly her feet shot out from under her." Petitioner fell, breaking her hip. She sustained in excess of $7,000 in medical expenses which she sought to recover against respondent in this action. Petitioner alleged respondent was negligent in maintaining the floor in the condition which caused her to fall.

At trial petitioner testified that she had waxed and polished floors for forty years, and that, based on this experience, she was able to determine that an excessive amount of wax had been applied to respondent's floor. Petitioner testified that not only did respondent's floor appear to have been freshly waxed, but that she could feel the excessive wax through the sole of her shoe. Petitioner testified that

she lost consciousness following her fall and was taken to a hospital. She testified she was not able to fully examine the floor area on which she fell due to these circumstances.

At the close of petitioner's case the trial court directed a verdict in favor of respondent. The Court of Appeals found the motion for directed verdict was properly granted as petitioner "offered no evidence to corroborate her assertion that an unusual quantity of wax was present on the floor or that the wax had been improperly applied." 170 Ga. App. 792. In reaching this conclusion the Court of Appeals relied on *Alterman Foods v. Ligon,* supra, wherein this court held that to prove that a "slip and fall" is due to the defendant's negligence in maintaining his floor, "the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them." 246 Ga. at 624. In *Alterman* this court held the defendant's motion for summary judgment should have been granted because the plaintiff was unable to offer *any* reason for her fall. Further, there was testimony from another customer and a store employee, both of whom had examined the area surrounding plaintiff's fall, that the floor was not slippery. Both testified they observed no foreign substance on the floor. Thus, in *Alterman* there was *no* evidence that the defendant was negligent in maintaining its floor.

In this case, however, the petitioner testified that she was familiar, based on forty years' experience, with proper methods of waxing and polishing floors, and offered her opinion that her fall was due to an excessive application of wax which she was able to feel as she walked across the floor. We hold this testimony satisfies the test in *Alterman* by offering some evidence of negligent application of materials used in treating the floor. Petitioner's testimony created a conflict in the evidence as to a material issue which was sufficient to survive the respondent's motion for directed verdict. OCGA § 9-11-50.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Bell, J., who dissent.*

DECIDED SEPTEMBER 26, 1984.

*Custer & Phillips, Henry C. Custer,* for appellant.

*Perry, Walters & Lippitt, W. Earl McCall, Jesse W. Walters,* for appellee.

*Ben B. Mills, Jr., Gene Mac Winburn, Don C. Keenan, David S. Bills,* amicus curiae.