69046. J. C. PENNEY COMPANY, INC. v. SMITH et al.

(327 SE2d 574)

POPE, Judge.

On September 19, 1982 while shopping in appellant's store in Valdosta, Georgia, Mrs. Susan Smith slipped and fell, dropping her two-year-old son, Trey, to the asphalt tile floor. In their individual capacities as well as next friend of their son, Mrs. Smith and her husband brought suit against appellant for Trey's personal injuries and medical expenses resulting from his fall. After discovery, appellant's motion for summary judgment was denied. The trial court certified the order for immediate review and we granted appellant's application for interlocutory appeal.

Appellees' complaint alleged appellant's negligence in the following acts: (a) allowing a foreign substance to remain on the floor after appellant's agents knew or should have known of its presence and/or (b) waxing and polishing the floor to the extent that it became slick and hazardous; (c) failing to warn Mrs. Smith of the hazardous condition of the floor. By deposition Mrs. Smith admitted that she did not see nor was she aware of any foreign substance on appellant's floor when she fell. Further, Mrs. Smith had been an employee of appellant from approximately October 1980 until June 1982, receiving her final paycheck a week or so before her fall. Her deposition testimony established that she was very familiar with the particular aisle in which she slipped, having previously walked it on numerous occasions. Moreover, because she had worked there, she was aware of the appropriate degree of care to be exercised in walking the asphalt tile aisles of the Valdosta store. See *Tolliver v. Hollingsworth*, 161 Ga. App. 118 (289 SE2d 272) (1982).

The singular allegation of the Smith's complaint not refuted in the foregoing assigns negligence to appellant in waxing or polishing their asphalt tile floors to the point of creating a hazardous condition. In support of its motion for summary judgment, appellant introduced an affidavit establishing that the commercial floor finish used on the asphalt tile where Mrs. Smith fell provides a non-hazardous, slip-resistant floor surface when applied according to the manufacturer's directions. Further, it was sworn by affidavit that the floor was regularly treated and maintained according to such directions. Approximately two weeks before Mrs. Smith fell, the asphalt tile floor of the aisle where she fell had been stripped and new wax applied, also according to the manufacturer's directions.

This case is controlled adversely to appellees by this court's opin-

ion in *Key v. J. C. Penney Co.*, 165 Ga. App. 176 (299 SE2d 895) (1983), wherein, on virtually identical facts, the court examined the question of whether genuine issues of material fact remain with regard to appellant's negligence in maintaining a highly waxed or polished floor. In *Key*, this court held that J. C. Penney Co. was entitled to summary judgment as a matter of law. We agree and reverse. "Our Supreme Court has held that 'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' (T)he plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them. [Citations and punctuation omitted.] *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). In the instant case, [appellant] introduced evidence demonstrating that it was not negligent in the materials used in treating the floor or in the application thereof. Thus, [appellant] 'presented evidence of no defective condition in the floor. ([Appellees], on the other hand,) did not introduce any evidence of the quality of material used or the methods which [appellant] used in waxing and maintaining its floor.' *Alterman Foods*, 246 Ga. at 624, supra.

"On this evidence, all that appears is that [Mrs. Smith] fell while traversing [appellant's] floor, a floor which had been waxed or polished but in a non-negligent manner." *Key v. J. C. Penney Co.*, supra at 176. Therefore, the trial court erred in denying appellant's motion for summary judgment. Appellees' burden of proof in this situation is set out above: that appellant was negligent in the choice of material used or in its application. Appellees alleged such negligence and appellant's evidence pierced the pleadings at issue. When appellees produced nothing to controvert or refute appellant's evidence, summary judgment in favor of appellant was proper. See *Martin v. Sears, Roebuck & Co.*, 170 Ga. App. 791 (318 SE2d 144) (1984); *Wolling v. Johnny Harris Restaurant*, 166 Ga. App. 630 (1) (305 SE2d 168) (1983). Compare *S. S. Kresge Co. v. Blount*, 162 Ga. App. 404 (291 SE2d 728) (1982).

Our decision is unchanged by appellees' inclusion into the record of a number of depositions taken from others who had previously slipped and fallen in the same store. Initially, we note that the circumstances in only one incident are even similar to those asserted by appellees. In any event, such depositions and statements are irrelevant. "Similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time or place." *Skil Corp. v. Lugsdin*, 168 Ga. App. 754 (1) (309 SE2d 921) (1983).

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 1, 1985.

*George T. Talley*, for appellant.
*George M. Saliba II*, for appellees.