## 69842. K-MART CORPORATION v. SPRUELL.
(328 SE2d 577)

Birdsong, Presiding Judge.

Slip and Fall. Ms. Mary Spruell went to a K-Mart store at about 9:30 or 10:00 a.m. on March 3, 1982, to buy some thread. Upon entering the store, she walked through the aisles to the appropriate counter, purchased the thread and exited by the same route, all without incident. She noted the floors were clean and shiny as if highly polished, the same as she had observed in all K-Mart stores. She observed nothing unusual or amiss. Upon arriving back at her point of origin, Ms. Spruell noticed she had purchased the wrong color thread. She returned to the same K-Mart store to make an exchange for the right color of thread. She entered the store and proceeded on the same route she had walked earlier. This was approximately an hour later, at about 11:00 or 11:30 a.m.

While walking through the store, Ms. Spruell slipped on a wet

substance forming a spot on the floor approximately three inches in diameter (or the size of a grapefruit). She did not see the spot and did not have any idea of its possible origin. She thought it might have been a spot of unpolished wax but could not identify the substance by sight, touch or smell. Ms. Spruell stated she not only did not see the spot, she doubted she could have seen it if she had been looking at it. She had no idea how long the spot had been on the floor but assumed the spot had not been there very long. She did not see any K-Mart employees in the immediate area and did not have any idea whether K-Mart employees might have been aware of the existence of the spot. No one saw her slip nor observed the fall. Ms. Spruell alleged that K-Mart was negligent in allowing the spot to remain on the floor for any length of time but could not deny that the spot might have originated from a customer or other source, though she expressed a doubt that the spot might have come from a customer's shoes.

Opposed to this state of the evidence, K-Mart established through depositions and affidavits that the routine procedure in the particular store involved was to wax a portion of the floor each day, with the entire floor being waxed about once every week. The store used what was advertised as a "non-slip" wax. Daily, routine procedure required the assistant manager to meet with janitorial employees (who were responsible for waxing and cleaning every night) every morning prior to opening and tour the entire store area. Thereafter, each department under the control of the department supervisors, together with the assistant manager, were separately toured and inspected. During store hours, all store employees were instructed to maintain vigilance to observe any safety hazard. These routine procedures were followed daily including the date of Ms. Spruell's fall.

Based upon this state of the evidence, K-Mart moved the trial court for summary judgment. Ms. Spruell resisted summary judgment arguing there were conflicts of fact such as whether she went with the store manager to the spot where she fell (she insisting she did not accompany the manager to the place whereas the manager stated she showed him the place but no spot on the floor could be found). The trial court concluded there were contested issues and denied K-Mart summary judgment. K-Mart sought an interlocutory appeal. The trial court issued a certificate of immediate review, and this court granted the appeal. It is this denial of summary judgment that forms the sole issue before this court. *Held*:

We conclude that as to the crucial issue of negligence there are no contested facts, and Ms. Spruell has failed to meet the standard required to withstand a motion for summary judgment.

The uncontested evidence before the trial court showed that Ms. Spruell had at least equal knowledge of the floor conditions. It certainly did not show a situation where K-Mart knew of the situation

(or failed to take measures to acquaint itself with such a situation) nor a situation that Ms. Spruell was in an inferior situation to observe. *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868, 869 (288 SE2d 584).

"In cases involving foreign substances the customer does not ordinarily know if the substance which caused him to fall has been placed on the floor through negligence attributable to the owner or through that of someone other than the owner. While the owner or occupier of land is liable to invitees for his failure to exercise ordinary care in keeping the premises safe . . . '[b]efore an owner can be held liable for the slippery conditions of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care.' *Conaway v. Mc-Crory Stores*, 82 Ga. App. 97, 101 (60 SE2d 631) (1950). Accord *Boatright v. Rich's, Inc.*, 121 Ga. App. 121 (173 SE2d 232) (1970). Thus it is said that only 'when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' *Sears, Roebuck & Co. v. Reid*, 132 Ga. App. 136, 138 (207 SE2d 532) (1974). Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (226 SE2d 142) (1976); *Burger Barn, Inc. v. Young*, 131 Ga. App. 828 (4) (207 SE2d 234) (1974). However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are usually dangerous. . . . *Angel v. Varsity, Inc.*, 113 Ga. App. 507 (148 SE2d 451) (1966). Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor 'was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard' . . . *Sharpton v. Great A&P Tea Co.*, 112 Ga. App. 283 (145 SE2d 101) (1965).

"In other cases the proprietor may be liable if he fails to exercise reasonable care in inspecting and keeping the premises in safe condition. To sustain a cause of action in the latter type case the plaintiff must show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant. *Winn-Dixie Stores v. Hardy*, supra.

. "[N]ot only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance . . . '[t]he customer must exercise ordinary care for his own safety . . . [h]e must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause

hurt to him.

"Thus in order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 622-23 (272 SE2d 327).

In the case before us, Ms. Spruell averred only that the sole and proximate cause of her injuries was due to a presence of a "defect" on the floor, being a spot composed of a slippery substance and that the spot was present because of the negligence of K-Mart, and with reasonable precaution K-Mart could have been aware of its existence. In spite of her allegations, Ms. Spruell presented no evidence of a defective floor (as opposed to a substance thereon), no evidence of the use of a material or quality of material that could present a hazard, or that K-Mart knew of the condition either actually or constructively or did not have or utilize efficient and effective safety precautions. When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials in pleadings, but must set forth by affidavit or otherwise specific facts showing there is a genuine issue for trial. If this is not done, summary judgment, if otherwise proper, shall be entered against the deficient party. *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 825-827 (2) (318 SE2d 657); *Food Fair v. Mock*, 129 Ga. App. 421, 422 (199 SE2d 820). Such is the situation which confronts us in this case. It follows that the trial court erred in finding viable issues of negligence in this case and in failing to grant K-Mart summary judgment. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).

*Judgment reversed. Sognier, J., concurs. Carley, J., concurs specially.*

DECIDED MARCH 14, 1985.

*Guerry R. Moore*, for appellant.
*Larry W. Thomason*, for appellee.

CARLEY, Judge, concurring specially.

I am constrained to agree with the majority that, under the facts of this case as shown by the record on appeal, *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980) mandates the entitlement of defendant to summary judgment. However, I do note that recently, the Supreme Court has more fully explained its holding in *Ligon* so as

to preclude judgment in favor of a defendant as a matter of law where there is "some evidence of negligent application of materials used in treating the floor." *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337, 338 (320 SE2d 174) (1984). However in *Martin*, "the petitioner testified that she was familiar, based on forty years' experience, with proper methods of waxing and polishing floors, and offered her opinion that her fall was due to an excessive application of wax which she was able to feel as she walked across the floor." *Martin v. Sears, Roebuck & Co.*, supra, 338. Even under *Martin*, the testimony of Ms. Spruell in this case that the "spot" might have been "unpolished wax" is not sufficient to meet the test of *Alterman* as applied by the Supreme Court in *Martin*.