74886. ARTESIANO v. K-MART CORPORATION et al.
(363 SE2d 177)

McMURRAY, Presiding Judge.

Olimpia Artesiano (plaintiff) brought an action against K-Mart

Corporation (K-Mart) and Ward Building Services, Inc. (Ward) and alleged she sustained injuries after she slipped and fell on "wax" on the floor of K-Mart's department store. More specifically, plaintiff alleged that K-Mart and Ward were negligent in maintaining the floor of K-Mart's department store and that K-Mart "failed to exercise ordinary care in keeping its premises and approaches safe . . ." K-Mart and Ward filed separate answers, both denying the material allegations of plaintiff's complaint, and subsequently filed separate motions for summary judgment against plaintiff.

The undisputed facts show that Ward, pursuant to a contractual arrangement with K-Mart, completed cleaning and waxing the floors of K-Mart's department store at about 7:00 in the morning on April 29, 1984. Later that afternoon, about 1:00, plaintiff went to K-Mart's store with her husband, her son Mario Artesiano and her grandson to purchase merchandise. Upon entering the store, the group separated and, as plaintiff and her grandson were walking together through the store, plaintiff slipped and fell.

Plaintiff's evidence regarding the circumstances of her fall was summarized in her affidavit and the affidavit of her son, Mario Artesiano. In this regard, plaintiff testified, in pertinent part, as follows: "I am sixty-seven (67) years of age and have waxed and polished floors for approximately forty-five (45) years. . . . I have linoleum-type floors in my home, similar to the floor at the K-Mart store . . . and am familiar with the proper method used to wax this type of floor. . . . I clean my floors with household ammonia and detergent. After the floors are dry, I apply liquid wax. My floors are not slippery and do not have excessive wax on them.

"On April 29, 1984, at approximately 1:00 p.m., I was walking down the automotive aisle at K-Mart with my grandson Philip next to me, when I slipped and fell. I was wearing casual shoes with low heels. . . . I examined the floor just after I fell. I was lying on the floor and smelled the wax and saw and felt that the floor was excessively waxed. I had wax on my dress. . . . I have never been to [this] K-Mart Store previous to April 29, 1984, and did not know that the floor was highly waxed and slippery in the area where I fell. . . . I reported my fall to K-Mart's assistant manager, Mr. Jimmy Schafer. I told him I slipped and fell because the floor was highly waxed . . ."

Mario Artesiano, testified in pertinent part, as follows: "The Plaintiff . . . directed me to the spot where she fell by describing the merchandise on the shelves. . . . I told the assistant manager, Mr. Jimmy Schafer, that the Plaintiff had slipped and fell. . . . I examined the spot where the Plaintiff fell. . . . I felt the wax through the soles of my shoes. . . . I also felt the wax with my hand. The area where the Plaintiff fell was highly waxed and [was] very slick and slippery." (K-Mart's assistant manager, Mr. Jimmy Schafer, offered

no testimony on behalf of plaintiff, K-Mart or Ward.)

The trial court granted K-Mart's and Ward's motions for summary judgment in separate orders and this appeal followed. *Held*:

1. In her first and second enumerations of error, plaintiff contends the trial court erred in granting Ward's motion for summary judgment.

In *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327), the Supreme Court "held that to prove that a 'slip and fall' is due to the defendant's negligence in maintaining his floor, 'the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them.' 246 Ga. at 624." *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337, 338 (320 SE2d 174).

Upon discovery in the case sub judice, plaintiff deposed that she was familiar, based on forty-five years' experience, with proper methods of waxing floors and that her fall was due to an excessive application of wax, which she was able to smell, feel and see after her fall. Plaintiff further deposed that she discovered wax on her dress after her fall and her son testified, in his affidavit, that he examined the area where plaintiff fell and found it to be "highly waxed and very slick and slippery." Under strikingly similar circumstances in *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337, supra, the Supreme Court held that such "testimony satisfies the test in *Alterman* by offering some evidence of negligent application of materials used in treating the floor . . . [and therefore] created a conflict in the evidence as to a material issue which was sufficient to survive [a] . . . motion for directed verdict. OCGA § 9-11-50." *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337, 338, supra. Consequently, since the undisputed evidence showed that Ward treated K-Mart's floor with wax on the morning before plaintiff's fall, we find the trial court erred in granting Ward's motion for summary judgment as a genuine issue of material fact remains with regard to Ward's application of materials to K-Mart's floor. Compare *K-Mart Corp. v. Spruell*, 173 Ga. App. 884 (328 SE2d 577).

2. Plaintiff contends in her third and fourth enumerations of error that the trial court erred in granting K-Mart's motion for summary judgment.

In her complaint, plaintiff alleged that K-Mart was negligent in failing "to exercise ordinary care in keeping its premises and approaches safe, in violation of OCGA [§] 51-3-1 . . ." While this Code section imposes a duty on a proprietor to exercise ordinary care in inspecting its premises for protection of invited persons, "[t]he true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable

risk of harm. [Cits.]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167, 168 (279 SE2d 342). "Hence, in order for [plaintiff] to recover, two elements must exist: (1) fault on the part of the owner, and (2) ignorance of the danger of the part of the invitee. [*Rogers v. Atlanta Enterprises*, 89 Ga. App. 903, 906 (81 SE2d 721).]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168, supra.

In the case sub judice, plaintiff deposed that she had not been to K-Mart's store before the day she slipped and fell. Further, plaintiff testified in her deposition that she noticed the floor was "very shiny" before her fall; however, she affirmed on cross-examination that the area where she slipped and fell was not "shinier than other parts of the aisle [where she fell] . . . [and that it] didn't look any different to [her] before [she] fell." Under these circumstances, we cannot say, as a matter of law, that plaintiff failed to exercise ordinary care for her own safety as she traversed K-Mart's floor. Absent actual or implied notice of its existence, an excessively waxed floor is not such a condition which would reveal to a person, acting in the exercise of ordinary care, the existence of a hazard to walking. Compare *Pound v. Augusta Nat.*, supra. See *Robinson v. Western Intl. Hotels Co.*, 170 Ga. App. 812, 813 (1) (318 SE2d 235). Consequently, plaintiff's evidence showing that a hazardous condition existed on K-Mart's floor which caused her to slip and fall and her evidence showing that she was not aware of the hazardous condition before her fall was sufficient to sustain plaintiff's burden on summary judgment; i.e., evidence indicating fault on the part of K-Mart in failing to exercise ordinary care in keeping its premises safe and ignorance of the danger on the part of plaintiff. Inasmuch as genuine issues of material fact remain, the trial court erred in granting K-Mart's motion for summary judgment. See 63 ALR2d 641, § 14 and cits.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 18, 1987.

*Eugene A. Medori, Jr., Alice P. Weinstein*, for appellant.
*Lawrie E. Demorest*, for appellees.