## A89A0755. GROSS v. FRANK'S WAREHOUSE FOODS, INC.

(385 SE2d 688)

BEASLEY, Judge.

Plaintiff Gross appeals the grant of summary judgment to defendant Frank's Warehouse Foods, Inc., in this "slip and fall" suit.

Around 3:00 p.m. Gross went grocery shopping at the defendant store. She had shopped there many times before. In this instance the store was not too crowded. As the cashier finished ringing up Gross' groceries, Gross realized that she had forgotten to purchase onions. Consequently, she left the check-out line and went to the produce department. Gross reached for and grabbed about a five pound bag of onions from a waist-high display. Gross turned to go back to the check-out register, took some steps, and slipped and fell. She fell back on another shopper, Mr. Walker.

In her complaint, Gross alleged that the defendant store negligently maintained its premises so as to create a dangerous condition which was the proximate cause of her fall. Gross steadfastly maintains that she slipped and fell because defendant's floor was improperly waxed or overwaxed, but she offered no basis for this conclusory opinion.

After a hearing and consideration of the depositions of Gross, Mr. Walker, Mrs. Walker, Langston (defendant's grocery manager) Ellis (defendant's meat supervisor), and Daniels (defendant's head stock clerk), and of the opposing affidavit by Walker and the supporting affidavit by Langston, the trial court concluded that defendant's employees' depositions pierced plaintiff's pleadings and granted the defendant summary judgment.[1]

Gross contends that the trial court erred in applying the standard in *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980), that it erred in finding certain evidence sufficient to counter her opinion that the floor was too heavily waxed, and that it erred in not giving her the benefit of all reasonable inferences.

Where plaintiff alleges that the fall was because of wax defendant placed on the floor, the principles recited in *Alterman Foods*, supra at 624, apply: "[T]he plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. [Cit.]

" '[P]roof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.' [Cit.] To presume that because a customer falls in a store that the proprietor has somehow

---

[1] The trial court did not consider an opposing affidavit by Gross which was filed approximately 1-½ weeks after the summary judgment hearing. See OCGA §§ 9-11-6 (d); 9-11-56 (e); *Splish Splash Waterslides v. Cherokee Ins. Co.*, 167 Ga. App. 589, 596 (7) (307 SE2d 107) (1983).

been negligent would make the proprietor an insurer of his customer's safety which he is not in this state. [Cit.] 'What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use.' [Cits.]

"Thus the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them."

Grocery manager Langston's affidavit averred that he witnessed the incident involving Gross. Immediately after she stumbled, he examined the floor in her vicinity and there was no debris or foreign object whatsoever on the floor. During the time in which Gross stumbled, the store floors were periodically waxed by a hired independent contractor. When Langston examined the floor immediately after Gross' stumble, it was apparent that the procedures utilized to wax the floor, as well as the materials used, were ordinary and proper.

Langston described in some detail how a floor was waxed. Although he stated he was not a floor expert, he said he had mopped and cleaned floors for the last fifteen years and knew what did or did not cause trips. He further stated that he walked the store every morning and looked at the floor, and that immediately after the Gross incident, they took photographs and examined the floor and there was no slippery substance or anything else there.

Langston's affidavit, standing alone, was sufficient to pierce any allegations that the store was negligent either in the materials used to wax the floor or in their application. In addition, defendant submitted the further supporting deposition evidence of its employees.

Daniels' deposition testimony echoed Langston's to the effect that immediate examination of the incident site revealed nothing on the floor. Ellis in deposition testified that the floors were regularly swept, that he walked the floors, and that among other things he would check and notice if the floor was slippery. There was no evidence that any other customer had slipped on the floor which had been waxed the evening before.

Inasmuch as the defendant store produced piercing evidence in support of its motion for summary judgment, Gross could not rest upon her case but had to set forth specific facts and present her case in full in order to show there was a genuine issue for trial. See *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-7 (307 SE2d 99) (1983). This she failed to do.

Patron Walker's affidavit stated that he was present when Gross fell. He could tell it was wax on the floor where Gross slipped because it looked like a "right smart" of wax down on the floor where she fell. From what he could see, Gross fell on a waxy spot on the floor. He formed the opinion from years of working at a commissary. In

Walker's deposition, although he stated that in his opinion the reason Gross fell was that the floor was pretty slick, when specifically asked if he saw anything unusual about the wax, he stated, "I don't know how to say it. It looked like a right smart of wax down there, but I couldn't just say it was too much or what, you know."

Assuming Walker's phrase "right smart of wax" meant that the floor had a substantial quantity of wax, this, particularly in the context of his qualifier, did not raise an inference of excessive wax. Plaintiff's witness could not say, and did not say, there was "too much" wax. His testimony with all reasonable inferences does not counter defendant's averment that the materials used and the waxing of the floor were ordinary and proper.

Mrs. Walker's deposition shed no light on the condition of the waxed floor.

Portions of Gross' deposition consisted of her relating a statement allegedly made by Walker to the effect that the floor was too slick or was too wet or had too much wax on it, and her statements that the whole floor looked like it was too waxy but that the only reason she thought the floor had too much wax on it was because it was shiny and because she fell on it. She did not see anything specific on the floor nor did she remember feeling the floor at the time of her fall.

The alleged statement by Walker as related by Gross was inadmissible as hearsay and would not be considered in the summary judgment proceeding. See *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (2) (320 SE2d 824) (1984). Gross' statements as to her own observations did not assist her in showing that a material issue of fact remained. Her conclusion that the floor was too waxy was based on the fact of her fall and on her perception that the floor was shiny. The fact of the fall was insufficient in and of itself to establish the proprietor's negligence. See *Harmon v. Reames*, 188 Ga. App. 812 (374 SE2d 539) (1988); *Alterman Foods*, supra. The fact that the floor was shiny, see *Jiffy Store v. Bishop*, 190 Ga. App. 716 (379 SE2d 602) (1989), did not suggest that the wax used or its application was defective; a primary purpose of waxing a floor is to make it glossier or shinier.

Giving plaintiff the benefit of all reasonable inferences, her opposing evidence failed to set forth specific facts to rebut defendant's showing that the waxing of the floor was ordinary and proper. Summary judgment was not error.

*Judgment affirmed. Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. Carley, C. J., Deen, P. J., McMurray, P. J., and Benham, J., dissent.*

CARLEY, Chief Judge, dissenting.

Because I believe that the majority, as did the trial court, improperly weighs the evidence and resolves disputed issues of fact contrary to the established rule on summary judgment, I cannot agree to the affirmance of the judgment of the trial court. The majority relies upon *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). However, the majority admits that in addition to the plaintiff's own testimony, the affidavit and deposition of Mr. Walker stated that the plaintiff slipped because the floor was slick and Walker testified from his experience that there was a "right smart" of wax on the floor. When this evidence presented by the plaintiff as respondent to a motion for summary judgment is considered, this case is no more controlled by *Alterman* than was the case of *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337 (320 SE2d 174) (1984). In reversing this Court, which had relied upon *Alterman*, the Supreme Court in *Martin* held that the testimony submitted by the plaintiff "satisfie[d] the test in *Alterman* by offering some evidence of negligent application of materials used in treating the floor. [Appellant's evidence] created a conflict in the evidence as to a material issue which was sufficient to survive the [appellee's] motion for directed verdict. [Cit.]" *Martin v. Sears, Roebuck & Co.*, supra, 338.

Because I believe that the trial court incorrectly granted summary judgment in favor of appellee, I must respectfully dissent.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Benham join in this dissent.

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 28, 1989 —

*John G. Wolinski*, for appellant.
*Jones, Cork & Miller, Bradley J. Survant*, for appellee.