A89A1082. DYKES v. TOOMBS COUNTY et al.
(386 SE2d 730)

McMURRAY, Presiding Judge.

This is a slip and fall case. On February 5, 1986, plaintiff Dykes entered the Toombs County Courthouse and after she brushed her feet on the mat at the entrance, she stepped onto the floor of the courthouse and fell.

Plaintiff's amended complaint seeks damages from Toombs County, the Toombs County Board of Commissioners and from O'Neal, a county employee responsible for the maintenance of the courthouse floors. Plaintiff appeals from the grant of defendant's motion for summary judgment. *Held*:

The plaintiff testified that she did not see any foreign object on the floor. Although it was raining that day, plaintiff did not see any puddle of water on the floor. Plaintiff testified that it was the fresh wax on the floor that made her foot slide out from under her and that she knew it was fresh wax since that is what some of the witnesses told her. The testimony of the two individuals plaintiff named as witnesses to her fall did not substantiate her hearsay assertion that the floor had been waxed on the day of her fall. However, one of the witnesses named by plaintiff testified that the courthouse floor was slick because it was waxed so much, once or twice a week, at least. The other witness named by plaintiff testified that the courthouse floor was slick any time it rained and related a conversation he had with defendant O'Neal as follows: "Well, I came into the courthouse one rainy day. It was before [plaintiff] fell. I don't recall the exact length of time before. And I almost slipped whenever I came in. And it tickled him, and he was telling me about another guy that had been in earlier that day, who, as he quoted, was 'wearing some funny cowboy boots,' and apparently had slipped and almost fell. As far as someone actually falling, he's never talked to me about any of that." Defendant O'Neal testified that he did not follow the manufacturer's directions in the application of wax to the courthouse floor and had not stripped away the old wax on the floors since 1978, but applied his self designed buffing compound, consisting of fifty percent floor wax, to the floor as needed.

To prove that a slip and fall is due to the defendant's negligence in maintaining the floor " 'the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them." [*Alterman Foods v.*

*Ligon*, 246 Ga. 620, 624 (272 SE2d 327)].” *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337, 338 (320 SE2d 174). See *Artesiano v. K-Mart Corp.*, 184 Ga. App. 895, 897 (1) (363 SE2d 177). The plaintiff's evidence in the case sub judice is sufficient to satisfy the above test since plaintiff's evidence, including testimony that the floor was slick because it was waxed so much, offers some proof of negligent application of material used in treating the floor. *Artesiano v. K-Mart Corp.*, 184 Ga. App. 895, 897 (1), supra. The superior court erred in granting defendants' motion for summary judgment.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1989.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellant.

*Wilson R. Smith*, for appellees.