A90A1258. PERKINS v. PEACHTREE DOORS, INC.
(397 SE2d 54)

McMURRAY, Presiding Judge.

Plaintiff Perkins was an invitee on the premises of defendant Peachtree Doors, Inc., when she slipped and fell as she was walking down a hallway. This appeal is taken from the grant of summary judgment in favor of defendant. *Held*:

Plaintiff testified that her fall was caused by wax on the floor that was slippery in the particular area in which she fell. This conclusion was based on plaintiff's familiarity and experience with wax, the plaintiff testifying that "I've seen enough wax, and I know what wax feels like when you, you know, step in wet wax." Plaintiff also testified that after she fell, she observed an employee slip and nearly fall at the same place she had fallen. While there was evidence that the floor may have been damp mopped shortly before plaintiff's fall, there is no evidence that the floor was wet at the time of the fall. Defendant presented evidence that the floor was not waxed on the day of plaintiff's fall and that the wax in use at that time takes no longer than ten minutes after application to dry. Also, there was evidence that shortly after the fall an employee of defendant inspected the floor where plaintiff fell and found it to be "completely clean, dry and free of any foreign substance."

"Where plaintiff alleges that the fall was because of wax defend-

ant placed on the floor, the principles recited in *Alterman Foods* [*v. Ligon*, 246 Ga. 620 (272 SE2d 327)] at 624, apply: '(T)he plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care. (Cit.)

" ' " "(P)roof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence." (Cit.) To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state. (Cit.) "What the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use." (Cits.)

" 'Thus the plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them.' " *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539, 540 (385 SE2d 688).

Nonetheless, where defendant moves for summary judgment the burden is cast upon defendant to pierce the plaintiff's allegations before any burden is placed on plaintiff to present evidence in support thereof. *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465). In the case sub judice, defendant has failed to make any showing that it was not negligent in the materials used in treating the floor or in the application thereof. Therefore, no burden was cast on plaintiff to show that there was a genuine issue of material fact for trial. *S. S. Kresge Co. v. Blount*, 162 Ga. App. 404 (291 SE2d 728). Additionally, plaintiff's evidence that the floor was slick and felt like wet wax is some evidence of negligent application. *Martin v. Sears, Roebuck & Co.*, 253 Ga. 337 (320 SE2d 174); *Dykes v. Toombs County*, 192 Ga. App. 856 (386 SE2d 730); *Artesiano v. K-Mart Corp.*, 184 Ga. App. 895 (363 SE2d 177). The superior court erred in granting defendant's motion for summary judgment against plaintiff. Compare the following cases in which the respective defendants presented evidence they were not negligent in the choice of materials used in treating the floors or the application of them, and the respective plaintiffs did not produce any evidence as to the quality of the material or methods used by the respective defendants in maintaining the floor. *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539, supra; *Belk-Hudson Co. of Moultrie v. Patterson*, 178 Ga. App. 16 (342 SE2d 2); *J. C. Penney Co. v. Smith*, 173 Ga. App. 612 (327 SE2d 574); *Key v. J. C. Penney Co.*, 165 Ga. App. 176 (299 SE2d 895).

*Judgment reversed. Carley, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 17, 1990 — CERT. APPLIED FOR.

*Dennis C. O'Brien*, for appellant.
*Vincent, Chorey, Taylor & Feil, Michael A. Cole*, for appellee.